Case 2:09-cv-02156-SRB   Document 16   Filed 12/17/09   Page 1 

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| Federal Home Loan Mortgage Corp. | ) | |
|---|---|---|
| | ) | Case No. 2:09-cv-02156-SRB |
| Plaintiff, | ) | |
| | ) | DEFENDANT HERRERA'S |
| v, | ) | MEMORANDUM IN SUPPORT |
| | ) | OF FEDERAL REMOVAL AND |
| Allison Herrera | ) | IN OPPOSITION TO PLAINTIFF'S |
| | ) | MOTION TO REMAND |
| Defendant | ) | |
| | ) | ORAL ARGUMENT REQUESTED |

## DEFENDANT HERRERA'S MEMORANDUM IN SUPPORT OF FEDERAL REMOVAL AND IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

I. **BACKGROUND**

On or about September 17 2009 Plaintiff, Federal Home Loan Mortgage Corporation, (hereinafter "Freddie Mac") filed a Complaint in the Superior Court for Maricopa County, Arizona, docketed as No. CV-2009-028753, seeking to permanently and irreparably dispossess Defendant of her property.

On or about October 8, 2009 Defendant filed Verified Answers and Defendant's Emergency Declaratory and Injunctive Relief to Void Forcible Detainer Based Upon Due Process Violations, New Matter and Stay of Proceedings.

Defendant's Verified Answer with New Matter, raised, *inter alia*, that Defendant's Due Process under the Fifth and Fourteenth Amendments had been violated; that, the action now being undertaken by Plaintiff Freddie Mac is/was predicated upon based upon a Deed of Trust that

contained within a hidden cognovit note/clause, the adhesion and unconscionability of which Defendant never knowingly, intentionally or otherwise executed; and that, such Deed of Trust, upon which Plaintiff Freddie Mac now seeks to enforce, was obtained from Defendant through misrepresentation, material concealment, deception, all in violation of the Truth in Lending Laws, and Defendant's Due Process.

On or about October 12, 2009, Plaintiff Freddie Mac, by and through its counsel, Tiffany and Bosco, filed for Judgment on the Pleadings.

On or about October 14, 2009, Defendant timely filed and served Notice of Removal to this Court. In Defendant's Petition to Remove, Defendant cited that this Court is properly vested with Original Jurisdiction, pursuant to 28 U.S.C. § 1331; that Plaintiff is a federal agency, and, reiterated violations of Defendant's Due Process, the unconstitutionality of the Cognovit note, that Plaintiff seeks to enforce.

II. **DEFENDANT'S REMOVAL TO FEDERAL COURT IS PROPER AS PLAINTIFF IS A FEDERAL AGENCY AND THIS COURT HAS JURISDICTION**

Despite Plaintiff's polemic subterfuge, Plaintiff Freddie Mac's action is a civil action of which this Court has original Jurisdiction under 28 U.S.C. §1331, and, is applicable for removal by Defendant pursuant to 28 U.S.C. § 1441(b). Creation of (Plaintiff) Freddie Mac, is/was an Act of Congress, known as the Federal Home Loan Mortgage Corporation Act, as promulgated under Public Law No. 91-351, 84 Stat. 450, as originally approved on July 24, 1970, and as amended through February 17, 2009.

Plaintiff's authority is governed by the Federal Home Loan Mortgage Corporation Act, as enumerated under Section 301 and 12 U.S.C. § 1451 et. Seq. Accordingly, there under, <u>Plaintiff Freddie Mac is a Federal Agency</u>, pursuant 28 U.S.C. §§ 1345, and 1442, respectively, as provided for under 12 U.S.C. § 1452.

12 U.S.C. § 1452(2)(f) which governs actions by and against Plaintiff Freddie Mac, states in relevant part that, " ..**<u>all</u> civil actions** to which the Corporation is a party, <u>shall be deemed to arise under the laws of the United States</u>, and the <u>district courts of the United States shall have original jurisdiction of **all** such actions,</u> without regard to amount or value." (emphasis added)

The action brought forth by plaintiff Freddie Mac, is within the ambit of this Court's original jurisdiction under 28 U.S.C. § 1331 in that, it is essentially an action by the United States against Defendant, by an officer and/or agency, acting on behalf of the United States pursuant to an expressed authorization, i.e., Act of Congress.

Plaintiff, Freddie Mac, as a Federal Agency, is attempting to assert a right, under congressional intent, and statute, to obtain Defendant's property on behalf and/or inured to the benefit of the United States. The ability of Plaintiff Freddie Mac to undertake any action is by the expressed authority given it by an act of Congress.

Defendant rightfully questions in Federal Court, Plaintiff's Freddie Mac's action, as (1), Plaintiff Freddie Mac is clearly a Federal Agency, and all civil

actions to which Plaintiff is a party are deemed to arise under the laws of the United States; and (2) the enforcement of Plaintiff's (alleged) right, is predicated upon unconstitutional provisions within a Deed of Trust, as unlawfully obtained from Defendant, in violation of her Constitutional rights, and, well-established, Supreme law of the land. As such, Removal to this Court is properly vested to settle what is essentially a federal agency seeking to permanently and irreparably dis-possess Defendant of her property in violation of her constitutional rights.

No matter how artfully refrained from having pled in Plaintiff's summons and complaint, Plaintiff Freddie Mac is nonetheless asserting a right that is, in the first instance, based on intent, and/or Act of Congress, as federal law.

" if the basic right asserted by plaintiff is one based on federal law, then the case is properly [removable], whether or not the complaint expressly states that the right sought to be enforced is a federal one." It is the nature of the claim and not the characterization given by plaintiff which must govern." See *Produce Terminal Realty Corp. v. New York N.H. & N.R. Co.*, 116 F. Supp. 451, 453 (D. Mass. 1953) (quoted in 1A Moore's Federal Practice, ¶160[3.3], at p. 233 (1995)). See also, *Maine Association of Independent Neighborhoods v. Commissioner, Maine Department of Human Services*, 876 F.2d 1051, 1052-53 (1st Cir. 1989)

Moreover, Plaintiff Freddie Mac is now attempting to use that right and/or authority in furtherance of its intent to have Defendant physically removed from her property, based upon, a Deed of Trust that was, ab initio, executed in

violation of Defendant's Due Process and other rights, that the Supreme Court has found in numerous correlative instances, to be wholly unconstitutional.

Defendant, in her answer to Plaintiff Freddie Mac's Summons/Complaint, which Defendant now incorporates by reference as if set forth in its entirety, as filed on October 8, 2009, states, in part the grounds upon which Plaintiff's actions were in violation of Defendant's inherent rights, which was filed prior to Defendant's timely filed petition for Removal.

Notwithstanding Defendant's belief that Removal to this Court is proper for the aforesaid stated reasons, that being, Plaintiff Freddie Mac is a Federal agency and that all civil actions are deemed to be arising under the laws of the United States, Defendant believes all pleadings leading up to Defendant's Petition for Removal, including Defendant's Answer and New Matter should rightfully be considered in the determination of the instant matter.

"The right of removal is generally determined from the record and the status of the pleadings at the time the petition for removal is filed" See *Farm Bureau Mutual Insurance Co. Inc., v. Eighmy*, 849 F. Supp. 40, 42 (D. Kan, 1994); see also, *Marquette Nat'l Bank of Minneapolis v. First Nat'l Bank of Omaha*, 422 F. Supp. 1346, 1349 (D. Minn. 1976)

Finally, despite plaintiff Freddie Mac's assertions to the contrary, there is nothing found in the aforesaid enumerated statute(s) that grants Plaintiff sole and/or unilateral authority in Removal actions, nor is there anything stated therein, that does not allow or preclude Defendant to Remove such actions where the Plaintiff is clearly a federal agency. A "party" is understood to be

either Plaintiff or Defendant. 12 U.S.C. §1452(2)(f) is unambiguous in this regard, stating "**all civil actions** to which the corporation is a **party** shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions…"

The intent of the foregoing is, unambiguous, and unequivocally clear, accordingly, Defendant respectfully requests this Honorable Court to grant Petitioner's Petition for Removal and/or deny Plaintiff's Motion to Remand, forthwith.

III. **PLAINTIFF'S REQUEST FOR AWARD OF ATTORNEY'S FEES AND COSTS AND REQUEST FOR SANCTIONS ARE UNWARRANTED.**

Plaintiff in their motion for Remand additionally seeks by request, Award of Attorney Fees and Costs, and additionally seeks Sanctions against Defendant for purportedly filing a "frivolous" Petition to Remove.

Defendant avers that the action taken by Defendant, causing to be removed Plaintiff Freddie Mac's state action to Federal Court was done in good faith, and, is warranted by law, and as such, this Court should deny Plaintiff's request(s) in toto.

WHEREFORE, Defendant Allison Herrera, for all the foregoing reasons, respectfully requests that this Honorable Court grant

Defendant's Petition for Removal, and/or deny Plaintiff Freddie Mac's Motion to Remand, and further, Defendant requests that this Court deny Plaintiff's request for Award of Attorney Fees and Costs, and deny Plaintiff's request for Sanctions.

Additionally, Defendant respectfully requests that should, in the absence of granting Defendant their requested relief, and/or this court for whatever reason, find in favor of plaintiff's on any matter now before this Court, that Defendant be granted Oral Argument prior to the final adjudication of this matter now pending.

**Respectfully Submitted,**

*[signature]* 12/17/09
Allison Herrera/pro se
15724 E. Chandler Heights Rd.
Gilbert, Arizona 85296
(480) 390-0199

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA