Leonard J. McDonald, Jr.
State Bar No. 014228
William M. Fischbach III
State Bar No. 019769

**TB TIFFANY & BOSCO**
P.A.

THIRD FLOOR CAMELBACK ESPLANADE II
2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016–4237
TELEPHONE: (602) 255-6000
FACSIMILE:   (602) 255-0103
E-Mail: ljm@tblaw.com; wmf@tblaw.com

*Attorneys for Plaintiff Federal Home Loan Mortgage Corporation*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRCIT OF ARIZONA**

| | |
|---|---|
| Federal Home Loan Mortgage Corporation,<br><br>             Plaintiff,<br><br>v.<br><br>Allison Herrera,<br><br>             Defendant. | No. CV-09-02156-PHX-SRB<br><br>**PLAINTIFF FEDERAL HOME LOAN MORTGAGE CORPORATION'S REPLY TO DEFENDANT HERRERA'S MEMORANDUM IN SUPPORT OF FEDERAL REMOVAL AND IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**<br><br>**ORAL ARGUMENT REQUESTED** |

Plaintiff Federal Home Loan Mortgage Corporation ("FHLMC" or "Freddie Mac"), through undersigned counsel, hereby replies to Defendant Herrera's Memorandum in Support of Federal Removal and in Opposition to Plaintiff's Motion to Remand ("Defendant's Response").[1]

---

[1] Although styled as a "Memorandum," Defendant's Motion is a responsive motion under Local Rule 7.2.(c).

It is well established that, because federal courts are courts of limited jurisdiction, removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3rd Cir. 1987); *see also*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and Statute . . . , which is not to be expanded by judicial decree. . . .  It is to be presumed that a cause lies outside this limited jurisdiction . . . , and the burden of establishing the contrary rests upon the party asserting jurisdiction. . . .") (internal citations omitted).

Defendant has failed to articulate how 12 U.S.C. § 1452(f)(2) grants a defendant removal power simply because FHLMC is the plaintiff.  As noted in FHLMC's Motion to Remand, Plaintiff focuses on the language in § 1452(f)(2), but ignores the language in § 1452(f)(3).

Section 1452(f) reads as follows:

> (1) [FHLMC] shall be deemed to be an agency included in sections 1345 and 1442 of . . . Title 28; (2) all civil actions to which [FHLMC] is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions, without regard to amount or value; and (3) any civil or other action, case or controversy in a court of a State, or in any court other than a district court of the United States, to which the Corporation is a party ***may at any time before the trial thereof be removed by [FHLMC],*** without the giving of any bond or security, to the district court of the United States for the district and division embracing the place where the same is pending, or, if there is no such district court, to the district court of the United States for the district in which the principal office of the Corporation is located, by following any procedure for removal of causes in effect at the time of such removal.

12 U.S.C. § 1452(f) (emphasis added).

1  The plain, common sense reading of this statute is that § 1452(f) grants FHLMC unilateral removal power.  If Congress intended to grant an adverse defendant reciprocal removal power, then Congress would not have qualified § 1452 with subsections (f)(1) and (f)(3).  In other words, if Congress had intended the statute to grant removal power to an adverse defendant, it would have used the language in § 1452(f)(2) alone: "all civil actions to which [FHLMC] is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions."  But by referencing 28 U.S.C. § 1442[2] in subsection (1), and by exclusively naming FHLMC in subsection (3), Congress clearly intended that FHLMC have unilateral removal power.

Defendant cites no case, and undersigned counsel is unaware of any case, holding that § 1452 operates to give Defendant removal power.  Even if, *arguendo*, § 1452 is ambiguous, "and all doubts should be resolved in favor of remand."  *Steel Valley Auth.*, 809 F.2d at 1010.

Accordingly, Plaintiff respectfully requests that this Court remand this matter to state court, award Plaintiff its costs and attorneys' fees, and sanction Defendant under Rule 11.

//
//
//
//
//

---

[2] "A civil action or criminal prosecution commenced in a State court against [an agency of the United States] may be removed ***by them*** to the district court of the United States for the district and division embracing the place wherein it is pending."  28 U.S.C. § 1442(a) (emphasis added).

1       RESPECTFULLY SUBMITTED this 23rd day of December, 2009.

2                            **TIFFANY & BOSCO, P.A.**

4                           By: /s/ William M. Fischbach III
                              Leonard J. McDonald, Jr.
5                               William M. Fischbach III
                              Third Floor Camelback Esplanade II
6                               2525 East Camelback Road
                              Phoenix, Arizona 85016-4237

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing and mailed via U.S. Mail to the following CM/ECF registrants:

I hereby certify that on December 23, 2009, I served the attached document by United States Mail on the following, who are not registered participants of the CM/ECF System:

Allison Herrera
15724 East Chandler Heights Rd
Gilbert, AZ 85296

By: /s/ Natalie McGuire

Plaintiff Federal Home Loan Mortgage Corp Reply to Def's Memorandum in Support of Federal Removal and in Opposition to Plaintiff's Motion to Remand.DOC

-5-